UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
NERY SANTIAGO,                :
                              :  Civil Action No. 05-4552 (JBS)
              Petitioner,     :
                              :
         v.                   :      O P I N I O N
                              :
JOHN NASH, WARDEN,            :
                              :
              Respondent.     :
                              :
```

**APPEARANCES:**

> NERY SANTIAGO, Petitioner, Pro Se
> # 40417-018
> FCI Fort Dix
> West Compound, P.O. Box 7000
> Fort Dix, New Jersey 08640
>
> CHRISTOPHER J. CHRISTIE, United States Attorney
> JOHN ANDREW RUYMANN, Assistant U.S. Attorney
> 402 East State Street, Suite 430
> Trenton, New Jersey 08608
>
> NORMAN JOEL GROSS, Assistant U.S. Attorney
> 401 Market Street, Fourth Floor
> Camden, New Jersey 08101
> Attorneys for Respondents

**SIMANDLE, District Judge**

This matter is before this Court on Petitioner's motion to set aside this Court's Judgment and Order of September 20, 2006, pursuant to Fed. R. Civ. P. 60(b), in which the Court denied Petitioner's writ of habeas corpus under 28 U.S.C. § 2241. Petitioner filed this motion on or about September 10, 2007. The Court will consider the motion pursuant to Fed. R. Civ. P. 78.

Dockets.Justia.com

I.  BACKGROUND

On September 20, 2006, this Court entered an Opinion and Order denying Petitioner's application for habeas relief in which he challenged prison disciplinary proceedings and sanctions imposed upon him.  Petitioner sought expungement of the disciplinary finding and restoration of his good conduct time.  The petition had been filed on or about September 14, 2005.  The named respondent was the Warden at FCI Fort Dix, John Nash.  Respondent filed an Answer to the petition on April 27, 2006, with a certified copy of the relevant administrative record.  Petitioner filed a reply brief on May 16, 2006.

In denying the writ, this Court found no procedural due process violation as alleged by Petitioner.  In particular, the Court found that:

> there was no deprivation of discovery or petitioner's
> opportunity to present evidence.  Further, Santiago's
> argument that he was denied discovery in violation of Brady
> v. Maryland, 373 U.S. 83 (1963), and was denied
> confrontation with witnesses in violation of Crawford v.
> Washington, 541 U.S. 36 (2004) is misplaced.  These cases
> involve issues of constitutional rights afforded to criminal
> defendants during their criminal trial proceedings and are
> not applicable to institutional disciplinary proceedings.
> In Wolff, the Supreme Court held that, while prisoners
> retain certain basic constitutional rights, including
> procedural due process protections, prison disciplinary
> hearings are not part of criminal prosecution, and an
> inmate's rights at such hearings may be curtailed by the
> demands and realities of the prison environment.  Id. at
> 556-57; Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991).
> Second, contrary to Santiago's assertion that no
> investigation was conducted, the record shows that an
> investigation was performed by the investigating Lieutenant
> before the UDC, who concluded that the charges against

2

Santiago were valid.  This investigation included the
reporting officer's account and petitioner's statement
claiming no knowledge of the tattoo needle.  Consequently,
there is no factual basis for this claim by petitioner that
an investigation was not undertaken.  Rather, it appears
that his claim is based on his dissatisfaction with the
investigating officer's conclusions, which did not find
credible petitioner's protest of innocence.

Third, the errors referenced by Santiago are simply
typographical mistakes regarding dates when petitioner
received notice of the charges, the date the DHO report was
delivered to Santiago, and the date of the incident as
reflected in the response to Santiago's administrative
appeal.  These errors do not rise to the level of
constitutional dimension and do not tend to show that
petitioner was denied due process.

Finally, the sanctions imposed against Santiago are within
the maximum penalties authorized for the high severity level
offenses charged.  See 28 C.F.R. § 541.13, Tables 3 and 4.
Therefore, the Court finds that Santiago's claim asserting
denial of due process is without merit, and habeas relief
will be denied accordingly.

Additionally, this Court determined that there was sufficient

evidence to support the disciplinary charge and resulting

sanctions.  This Court expressly found:

Here, there is sufficient evidence noted by the DHO in
reaching his determination.  The DHO's Report demonstrates
that, after an investigation and the DHO's consideration of
all the relevant evidence, the DHO found that the greater
weight of evidence supported a finding that Santiago did
commit the prohibited acts in violation of Code 108A and
299.  The DHO's determination clearly took into account
Santiago's claims of innocence, but rejected petitioner's
explanation as follows:
    Although you claim you didn't know anything about the
    needle or it being taped to your bunk, I determined you
    have every reason to make that assertion in an effort
    to have the charges against you expunged.  I did
    determine the employee to be credible concerning this
    matter as you did not dispute the fact that bed 2L was
    yours, or the fact that the needle was taped to your
    bunk, you just stated , you didn't know it was there.

> Additionally, you are responsible to ensure your
> assigned area remains contraband free.

(Ahmed Decl., Ex. B, DHO Report at Block V).  Thus, the
DHO's Report plainly shows that it was "not so devoid of
evidence that the findings of the [DHO were] without support
or otherwise arbitrary."  Hill, 472 U.S. at 457.

Santiago's arguments in his petition are merely another
rendition of his innocence rejected by the DHO as self-
serving.  The DHO apparently attached more weight to the
confirmed facts that (1) Santiago admitted the bunk where
the needle was found was his bunk, and (2) Santiago has a
duty to keep his area contraband free, in contrast to
Santiago's unestablished claims that he was a "newcomer" at
the time of the incident, who would have had difficulty
obtaining the tattoo needle, or had health limitations to
actually use the tattoo needle for tattoo art.

Therefore, based upon this evidence as relied upon by the
DHO, and without any contradictory evidence submitted by
petitioner, except his self-serving denial of the prohibited
acts charged, the Court finds that Santiago's right to due
process was not violated by the determination of the DHO.
The procedures enunciated in Wolff, supra, were complied
with, and there was "some evidence", in accordance with
Hill, supra, to support the DHO's finding of guilt.  See
Sinde v. Gerlinski, 252 F. Supp.2d 144, 150 (M.D. Pa.
2003)("If there is 'some evidence' to support the decision
of the hearing examiner, the court must reject any
evidentiary challenges by the plaintiff")(quoting Hill, 472
U.S. at 457).

(September 20, 2006 Opinion, Docket Entry No. 6).

Petitioner appealed this Court's ruling to the United States

Court of Appeals for the Third Circuit.  On March 22, 2007, the

Court of Appeals issued judgment affirming this Court's September

20, 2006 decision.  A mandate of the United States Court of

Appeals' judgment was filed on May 21, 2007.  (See Docket Entry

No. 13).

4

Four months later, on or about September 10, 2007, Petitioner filed this Rule 60(b) motion.  Petitioner proceeds under Rule 60(b)(3) and (6), claiming that Petitioner's disciplinary ruling was obtained by fraud on the part of the prison officials.  Namely, Petitioner states that the "tattoo needle" found taped behind his bunk was actually a needle from a sewing kit that can be obtained from the prison commissary. Petitioner claims that the Warden and prison guard failed to notify the Disciplinary Hearing Officer ("DHO") and this Court of this fact.  Petitioner also alleges that being new to the prison at that time, he was not aware that this was a sewing needle, but the prison guard should have known.

## II.  ANALYSIS

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." <u>Boughner v. Sec'y of Health, Educ. & Welfare</u>, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in <u>Coltec Industries, Inc. v. Hobgood</u>, 280 F.3d 262, 271 (3d Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 947 (2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." <u>Ross v. Meagan</u>, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" <u>Moolenaar v. Government of the Virgin Islands</u>, 822 F.2d 1342, 1346 (3d Cir. 1987). Rather, relief under rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" <u>Harris v. Martin</u>, 834 F.2d 361, 364 (3d Cir. 1987) (quoting <u>Martinez-McBean v. Government of the Virgin Islands</u>, 562 F.2d 908, 913 (3d Cir. 1977)). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" <u>Moolenaar</u>, 822 F.2d at 1346 (citations omitted).

<u>Tischio v. Bontex, Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. <u>Ackermann v. United States</u>, 340 U.S. 193 (1950); <u>Stradley v. Cortez</u>, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate

proof and its exceptional character must be clearly established."
FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).[1]

To the extent a moving party seeks to relitigate the court's
prior conclusions, Rule 60(b) is not an appropriate vehicle.
"[C]ourts must be guided by 'the well established principle that
a motion under Rule 60(b) may not be used as a substitute for
appeal.'  It follows therefore that it is improper to grant
relief under Rule 60(b)(6) if the aggrieved party could have
reasonably sought the same relief by means of appeal."  Martinez-
McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d
Cir. 1977) (citations omitted).

Here, Petitioner essentially seeks to relitigate this
Court's prior conclusions by arguing the respondent and prison
guard committed fraud.  He contends that the "tattoo gun needle"
found was actually a sewing needle that can be obtained from the
prison commissary.

This Court finds no evidence of fraud.  Regardless of
whether the needle may have been obtained from a sewing needle
kit, it clearly was not being used for that purpose and the
hidden needle was therefore contraband.  The prison guard
inadvertently found the needle taped behind Petitioner's bunk,
and was punctured by the needle.  The needle was not contained in

---

[1]  In this case, the Government seeks relief from judgment
based on Rule 60(b)(1), (4), and (6).

7

a sewing kit and was concealed, suggesting it was obtained for an unauthorized purpose and use.  Identifying the needle as a tattoo needle does not indicate fraud or misrepresentation.  The actual charge or disciplinary infraction was "possession of a hazardous tool."  Any needle concealed in the manner in which it was found would certainly fall under that description.

Finally, Petitioner has failed to establish any extraordinary circumstances justifying relief from judgment, pursuant to Rule 60(b)(6).  His allegation of fraud is not supported by the record, and the distinction between a sewing needle and tattoo needle does not serve to negate the disciplinary finding because any needle being used in the manner found would constitute a hazardous tool under the prison disciplinary charge.

Therefore, Petitioner is not entitled to relief under Rule 60(b), and his motion is denied accordingly.

**CONCLUSION**

For the reasons set forth above, Petitioner's motion under Fed.R.Civ.P. 60(b), seeking relief from judgment, as set forth in this Court's September 20, 2006 Opinion and Order, will be denied.  An appropriate order follows.


                    **s/ Jerome B. Simandle**
                    JEROME B. SIMANDLE
                    United States District Judge


Dated:  **September 24, 2007**